**UNITED STATES FIDELITY & GUARANTY CO. v. DE CUERS et al.**

No. 211.

District Court, E. D. Louisiana.

June 26, 1940.

Spearing, McClendon & McCabe and Wm. H. McClendon, Jr., all of New Orleans, La., for plaintiff.

Alexander E. Rainold, of New Orleans, La., for defendants Donald De Cuers and Laura Mae Darce.

BORAH, District Judge.

This is a suit by United States Fidelity & Guaranty Company as automobile liability insurance carrier for the Louisiana State Board of Health for a declaratory judgment construing the coverage of its policy No. 212777 in connection with an automobile accident which occurred in the city of New Orleans on August 17, 1939, between a Plymouth coupe belonging to the Board and driven by one of its poultry inspectors, Donald De Cuers, and a Ford V–8 sedan allegedly driven by Ardoin Vead and owned by Miss Carrie Vead. With De Cuers in the Plymouth coupe at the time was one Edwin Farnet, while allegedly with Ardoin Vead in the Ford V–8 were Miss Carrie Vead, Miss Annabella Couple, Ernest Roy and Miss Laura Mae Darce. Farnet and Miss Darce were injured in the collision and the Ford V–8 was damaged. Plaintiff has made all persons involved defendants in this suit. The case was tried by the court without the intervention of a jury with respect to the claims of Edwin Farnet and Laura Mae Darce, a judgment by default having been taken against the other defendants. In compliance with Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the court makes the following findings of fact:

1. On August 17, 1939, and for about five years prior thereto, Donald De Cuers was employed as a poultry inspector for the Louisiana State Board of Health and in connection with his employment he was supplied with the Plymouth car which is involved in this accident, which car was the property of the State Board of Health.

2. The duties of De Cuers required him to meet trains early in the morning and he was allowed to take the car to his home at night to facilitate him in meeting such trains. However, never during the entire period of five years that he was employed as aforesaid did he meet any train at night in the course of his duties.

3. Orders were given by the President of the Board of Health that no one was to use Board cars for personal business and De Cuers had been instructed by his immediate superior, Mr. Rohr, who was the chief inspector of his division, that he was never to use the automobile for his personal business, and the first knowledge that Mr. Rohr had that his instructions were not being carried out was on August 17, 1939, the night of the accident.

4. On the afternoon of the day in question De Cuers completed his duties at about 2 P. M. and parked the Plymouth coupe in front of his home. Later in the evening he attended a social affair at the residence of a next door neighbor, all the while leaving the car in front of his own house where he had parked it in the afternoon.

5. When the social affair was over De Cuers suggested to Edwin Farnet, who was there present, that he would be glad to drive him home, and it was while driving Farnet home that the accident occurred.

6. It was De Cuers ultimate purpose and intention after taking Farnet home to put the car in a public garage where he was obliged to leave it each night before going to bed.

Conclusions of Law.

1. This case is controlled by the decisions of Parks v. Hall et al., 189 La. 849, 850, 181 So. 191, and Haeuser v. Ætna Casualty & Surety Co. et al., La.App., 187 So. 684.

2. The permission of the assured to De Cuers to use the car in the first instance, irrespective of the use to which he put the car while in his possession, was "permission of the assured" within the meaning and contemplation of the omnibus clause and the insurer is therefore liable to plaintiff thereunder.

3. The court does hereby declare that the public liability policy No. 212777 which was issued by the plaintiff to the Louisiana State Board of Health on September 25, 1939, by its terms and subject to the limitations therein expressed, covers and extends to and protects Donald De Cuers and the Louisiana State Board of Health against any liability for damages arising out of the operation of the Plymouth coupe on the night of August 17, 1939.

The clerk is directed to enter judgment accordingly.