## BANKERS INDEMNITY INS. CO. v. GREEN.

### No. 12985.

United States Court of Appeals
Fifth Circuit.

April 11, 1950.

Rehearing Denied May 3, 1950.

Thos. F. Porter, Lake Charles, La., Thomas L. Raggio, Lake Charles, La., for appellant.

John A. Patin, Lake 'Charles, La., Grenese R. Jackson, Jennings, La., for appellee.

Before HOLMES, McCORD and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment for appellee on a public liability policy issued to Jeff Walker, doing business as Walker Electric Service. The action was removed to the federal court solely on the ground of diversity of citizenship. The judgment was rendered against appellant for the sum of $15,000, which was the maximum amount of liability under the insured's indemnity policy. One-half of this amount was allowed the appellee individually, and the other half was awarded her as tutrix of her three minor children, to be apportioned to them in accordance with their ages.

In her complaint, the appellee alleged that the crash was caused directly and proximately by the negligence of the pilot in flying the plane into a storm when he had no knowledge of instrument flying, which was in violation of the Civil Aviation Regulations. Negligence on the part of the pilot was further alleged in that he neglected to alter his course of flight so as to avoid flying into this storm. The appellant admits all of these allegations, leaving undisputed the conclusion that the crash was due to the negligence of the pilot.

The appellant bases its denial of liability on its averment that conditions of the liability policy were violated by the pilot in flying into this storm with the knowledge

**2**

and consent of the insured. Appellant pleads that such a situation as is presented here is excluded from coverage by paragraph 6(a) of the policy, which provides as follows: "Exclusions Under The Policy * * * Nor Does This Policy Cover Any Liability in respect to injuries or death or damage caused in whole or in part by the ownership, maintenance, or use of any aircraft described in the Schedule of Particulars during or in consequence of: * * * Any operation, with the consent of the insured, * * * in violation of the United States Federal Regulations for Civil Aviation applying to * * * (2) Instrument flying * * *". The question presented is whether the pilot, in negligently flying into this storm with no knowledge of instrument flying in violation of the Civil Air Regulations, did so with the knowledge and consent of the insured so as to avoid liability under the terms and conditions of this policy.

The violation of the air safety regulations pertaining to instrument flying is said to have occurred when the pilot observed the weather conditions to be dangerous, and failed to return to the field where he took off, to await the passing of the storm. Up to this point, there had been no violation of any air safety regulation. The weather conditions were good at the time the pilot left the airport. Since the unfavorable flying conditions were not apparent at the time of the take-off, there was no negligence in flying from Jennings airfield. When the plane left the airfield, neither the insured nor the passengers had any knowledge of what lay ahead. When the insured granted the pilot permission to fly the plane, he did not know that a violation of the air safety regulation pertaining to instrument flying was impending. The exclusionary clause in the liability policy is not applicable to the facts of this case.

The appellant also bases its defense on the contention that the language in the exclusionary clause of the policy is sufficient to permit the insurer to escape liability if it be shown simply that the pilot had permission to use the airplane, and that the appellant need not establish consent of the named insured to the violation of the regulation pertaining to instrument flying. The language of the clause above quoted is very simple. From this language, it is evident that the insured must have consented to the violation in order for the appellant to be able to escape liability. His general consent for his son to fly the plane on this particular occasion was not a consent for him to violate the existing air regulations.

There is no issue here as to the plane-owner's liability to the injured parties, but the defensive pleading seeks to make him actually culpable instead of merely legally liable. It alleges that he consented to the operation in violation of the regulation, and not merely that he consented to the actual use of the plane. The evidence does not support the appellant's defense with reference to the exclusionary clause. Cf. United States Fidelity & Guaranty Co. v. De Cuers, D.C., 33 F.Supp. 710; Haeuser v. Aetna Casualty & Surety Co., La.App., 187 So. 684, Parks v. Hall, 189 La. 849, 181 So. 191; wherein liability was imposed by reason of the omnibus clause in the policies, as distinguished from the exclusionary clause here, which is invoked not to impose but to escape liability.

In taking out this policy, the owner of the plane sought protection from liability in such a case as has arisen here. If he had consented to the operation of his plane in violation of the regulations pertaining to instrument flying, then he would not be entitled to recover; but, under the very clear facts, which show that he did not consent in any way, expressly or impliedly, to the flying as done by the pilot, he should be given the protection for which he paid. The judgment appealed from is

Affirmed.