MOORE *v.* LIBERTY MUT. INS. CO.

(*Nashville,* December Term, 1951.)

Opinion filed March 7, 1952.

CUMMINGS & MELTON, of Woodbury, ALBERT WILLIAMS, KENNETH HARWELL and WILLIAMS, CUMMINGS & WEST, all of Nashville, for Appellant.

WILLIAM J. HARBISON and TRABUE & STURDIVANT, of Nashville, for Appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

Certiorari has been granted and the case argued.

There was a verdict in the trial court in favor of the plaintiff against Harold Simmons for the wrongful killing of plaintiff's intestate by an automobile truck operated by Simmons.

Plaintiff instituted this suit on the theory that Simmons was insured under the terms of an automobile liability insurance policy issued by the defendant insurance company covering the truck involved in the accident which was fatal to William Stanton Moore.

The Court of Appeals reversed the trial court and dismissed the suit. The question presented is: Was evidence introduced which tended to show the truck was actually used at the time of the fatal accident with the permission of the named insured within the meaning of the policy?

The truck involved was owned by Motorent, Inc., leased by the owner to General Products Division of General Shoe Corporation and was covered by an automobile liability insurance policy issued by defendant in force

at the time of the accident, which provided: ''The unqualified word 'insured' includes the named insured and, except where specifically stated to the contrary, also includes, under division 1 and 2 of the Definition of Hazards, any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured.''

General Products stored this truck each night with the owner. During the period of the lease contract, General Products had the exclusive right to use the truck.

Harold Simmons was a porter at the business place of General Products. He was not a truck driver but he had been permitted to drive the truck to the business place of the owner two or three times for the purpose of leaving it overnight. On the evening of November 7, 1947, General Products gave Simmons permission to take the truck out that night for the purpose of hauling a small amount of furniture of his sister-in-law from one point in the city of Nashville to another point in the city, about two miles. Simmons went to Motorent, Inc., and represented that the superintendent of General Products had given him permission to use the truck to move the furniture. The superintendent denied giving this permission. Simmons signed for the truck when he took it out.

The possession of the truck by Simmons was for a definite purpose—to haul the furniture from one point to another in the city of Nashville. He had no general custody of the truck and no permission to use it for general purposes.

Instead of hauling the furniture, he picked up a friend of his, drove out to Murfreesboro, some thirty miles from

Nashville, drank whiskey and beer and the wreck followed, killing William Moore.

The petition for certiorari attacks the holding of this Court in *Hubbard* v. *U. S. Fidelity & Guaranty Co.,* 192 Tenn. 210, 240 S. W. (2d) 245. This case followed the rule in *Romines* v. *The Preferred Accident Insurance Company of New York,* decided by this Court on November 26, 1932, unreported.

These cases hold that where one has only limited permission of the owner to use the car in a specified area for a limited time and particular purpose and does not have general discretion as to the use of the car, then the coverage of the omnibus clause is not extended to his use of the car any place or for a purpose not consented to nor reasonably contemplated by the owner in giving the initial permission.

The plaintiff relies upon the case of *Stovall* v. *N. Y. Indemnity Co.,* 157 Tenn. 301, 8 S. W. (2d) 473; 72 A. L. R. 1368.

The only distinction between the cases is the difference between general custody and a limited permission. In the Stovall case, the driver, a traveling salesman with general custody of his employer's automobile, was held to be covered under the omnibus clause even though he used the car for a purpose not expressly authorized by his employer. In the Romines and Hubbard cases, the employer had given his employee only a limited permission to use the car for a particular purpose and it was held that no coverage was afforded under the omnibus clause when the employee materially departed from the scope of a granted permission. The cases turn upon the distinction of general custody and limited permission. *Phoenix Indemnity Co.* v. *Anderson & Powell,* 170 Va. 406, 196 S. E. 629; *United States Fidelity & Guaranty Co.*

v. *Brann*, 297 Ky. 381, 180 S. W. (2d) 102; *Jordan* v. *Shelby Mut. Plate Glass & Cas. Co.*, 4 Cir., 142 F. (2d) 52; *Employers' Casualty Co.* v. *Williamson*, 10 Cir., 179 F. (2d) 11.

In the Hubbard case, supra [240 S. W. (2d) 248], this Court said: "The initial permission is not controlling where the use is limited to a specific purpose for a limited time and the driver takes the car for his own purposes and has an accident when using the car in a complete departure from any business of or permission by the owner."

The uncontradicted proof shows that Harold Simmons did not have permission to use the truck at the time of the accident within the meaning of the policy contract.

In the recent case of *Foley* v. *Tennessee Odin Ins. Co.*, 193 Tenn. 206, 245 S. W. (2d) 202, the case of *Hubbard* v. *United States Fidelity & Guaranty Co.*, supra, was distinguished. In the Foley case, although the opinion does not so show, the Court was of the opinion that the driver of the truck had general permission to use it.

■ The omnibus clause of the insurance policy is simply a contract and is to be governed by the ordinary rules of interpretation of contracts. This being so, it could hardly be said that it was within the contemplation of the parties, conceding that Simmons had permission to use the truck and move the furniture from one place in Nashville to another, that he would go on an entirely different and independent mission thirty miles to the town of Murfreesboro on a mission wholly unconnected with and unrelated to the permission given.

It results that we find no error in the judgment of the Court of Appeals and it is affirmed.