**Joseph BOYD, an infant by his next friend and mother, Selena Boyd,**
**Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

No. 12621.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 17, 1955.

Decided March 22, 1956.

Mr. Jacob S. Levin, Washington, D. C., with whom Mr. Joseph S. McCarthy, Washington, D. C., was on the brief, for appellant.

Mr. John P. Arness, Washington, D. C., for appellee. Mr. Paul R. Connolly, Washington, D. C., also entered an appearance for appellee.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Joseph Boyd, an infant, was struck by a truck owned by Martin Brothers Realty Company and driven by its employee, William C. Donaldson. Through his next friend, he sued the realty company to recover damages for his injuries. The company's answer denied responsibility for Donaldson's acts at the time and place of the accident, and later the action was dismissed with prejudice.

The infant plaintiff had also filed a separate suit against the driver, Donaldson. In that proceeding a default judgment was entered and after an inquisition into damages a jury returned a verdict for $16,700.45 and judgment in that amount was entered against Donaldson. Liberty Mutual Insurance Company, public liability insurer of Martin Brothers Realty Company, was proceeded against as garnishee and was awarded summary judgment on its motion therefor. The infant plaintiff appeals.

Summary judgment was entered by the trial court after consideration of the insurance contract, two depositions given by Donaldson, and an affidavit executed by Fred S. Martin of the realty company. It appeared from these documents that Donaldson used the truck in his employer's service Saturday, September 9, 1950, after which he parked it on a lot at 24th and Evarts Streets, N. E. Sunday afternoon, September 10, he drove the truck to Bowie, Maryland, to visit his wife who was living there. After leaving Bowie, Donaldson drove to Glendale, Maryland, where he visited a friend. The accident happened in Maryland later on the same Sunday as Donaldson was returning from Glendale to the District. He admitted he knew he was not supposed to use the truck as he did and said, "I took it on my own." It was shown in Martin's affidavit that Donaldson did not have permission to use the truck for his own personal purposes and that the use he made of it Sunday, September 10, was without the knowledge, permission or consent of Martin Brothers and was contrary to the company rules.

The insurance contract contained an "omnibus" clause as follows:

"Definition of Insured With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

Although he concedes that Martin Brothers did not expressly consent to Donaldson's use of the truck on the Sunday in question for his personal purposes, appellant argues that the company's permission must be implied because, he says, "Initial permission once given to drive a vehicle follows through the entire time that the possession is maintained regardless of the deviation or use made of the vehicle." We do not agree. There was nothing shown from which it could be rationally implied that the realty company had given the driver permission to use the truck on his own personal holiday excursion, so it cannot be said that Donaldson was personally insured under the omnibus clause. It is difficult to imagine a more complete deviation from the purposes for which he had been authorized to use the truck.

Affirmed.

FAHY, Circuit Judge (dissenting).

The omnibus clause should be construed broadly, in accord with the public policy favoring broad coverage evidenced by § 40–412, D.C.Code 1951. So construed I think there was a question for the jury whether Donaldson was entrusted by the named insured with general custody of the automobile in the special circumstances of his responsibility the weekend of the accident. See Moore v. Liberty Mutual Insurance Co., 193 Tenn. 519, 246 S.W.2d 960. If the jury should find this to be the case, then I think it would follow that the use of the car by Donaldson at the time of the

accident was with the permission of the named insured within the meaning of the omnibus clause, notwithstanding, as Donaldson put it, he was then on his own. The fact that he was on his own at the time of the accident does not foreclose the question of permission. United States Fidelity & Guaranty Co. v. De Cuers, D.C.E.D.La., 33 F.Supp. 710.