**LAU AH YEW, Appellant,**

v.

**John Foster DULLES, Secretary of State of the United States of America, Appellee.**

**No. 14753.**

United States Court of Appeals Ninth Circuit.

Aug. 20, 1956.

N. W. Y. Char, Robert K. Murakami, Honolulu, Hawaii, William J. Gintjee, San Francisco, Cal., for appellant.

Louis B. Blissard, U. S. Atty., Charles B. Dwight, III, Asst. U. S. Atty., Honolulu, Hawaii, Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, ORR, and HAMLEY, Circuit Judges.

**PER CURIAM.**

Appellant filed in the United States District Court for the District of Hawaii a second amended complaint seeking a declaratory judgment of citi-

zenship. Said amended complaint was upheld by the trial court as stating a cause of action. Thereafter appellee failed to plead to the second amended complaint within the time required by law, and appellant moved the trial court to enter a default judgment. The motion was denied. This denial is one of the alleged errors relied on by appellant in this appeal. It is conceded that the grant or denial of a motion for the entry of a default judgment is within the discretion of the court. We have examined the facts presented to the trial court in support of and in opposition to the motion, and we conclude that the trial court did not abuse its discretion in denying the motion. The order denying the motion for default judgment is affirmed.

Subsequent to the filing of the second amended complaint appellee requested and was furnished answers to a set of interrogatories. Thereafter appellee moved the court under Fed.Rules Civ. Proc. rule 11, 28 U.S.C.A., to strike the complaint as sham and false. The interrogatories and answers thereto were introduced in support of the motion. The court ordered the second amended complaint stricken.

Rule 11 deals with the signing of pleadings. The second amended complaint was signed by appellant's attorney as is permitted under the rule. There is no evidence in this record which would tend to sustain a contention that appellant's attorney signed the second amended complaint "with intent to defeat the purpose" of Rule 11. There was no evidence that said attorney did not read the pleadings; no evidence that in signing that the attorney to the best of his knowledge, information, and belief did not feel there was good ground to sustain the pleading; and no evidence that the attorney in signing the pleading was interposing it for delay. Measured by the plain language of the rule and the evidence before the court, the order striking the second amended complaint was error and is reversed. The action is remanded to the District Court for such further action as it may deem proper.

Reversed and remanded.