**FEDERATED MUTUAL IMPLEMENT & HARDWARE INSURANCE COMPANY, Plaintiff,**

v.

**Ray Edward PRATHER et al., Defendants.**

**Civ. A. No. 2634.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 2, 1971.

On the Merits Nov. 19, 1971.

claim had the action been brought in the supreme court."

12. *See* United States v. World Transp. Ltd., 322 F.Supp. 385 (S.D.N.Y.1971).

**820**

———◆———

James W. Fletcher, of Milligan, Silvers, Coleman & Fletcher, Greeneville, Tenn., for plaintiff.

Charles R. Terry, of Charles R. Terry & Associates, Morristown, Tenn., Kyle K. King, Greeneville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a diversity action for a declaratory judgment.* 28 U.S.C. § 1332(a) (1), (c). The defendant Mr. Ronald Elkins, by his next friend and guardian First Peoples Bank of Johnson City, Tennessee, has moved for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure. The plaintiff Federated Mutual Implement and Hardware Insurance Company (Federated) has also moved for a summary judgment, Rule 56(a), Federal Rules of Civil Procedure.

It is clear from the pleadings, depositions and affidavits on file that Mr. Elkins was riding as a guest passenger in an automobile operated by the defendant Mr. Raymond Edward Prather on June 18, 1969, when Mr. Elkins was injured as a result of a collision between the automobile being operated by Mr. Prather and a truck operated by Mr. Orland Whitaker. Mr. Elkins commenced an action in the Circuit Court of Greene County, Tennessee against Messrs. Prather and Whitaker and Towne Gate Motors, Inc. (Towne Gate) seeking damages for his personal injuries sustained in the accident. He alleged that Mr. Prather was then and there trying out an automobile owned by Towne Gate with a view to its purchase.

Federated issued its special multi-peril insurance policy to Towne Gate, which was in effect at the time of the accident. An item of the garage insurance endorsement thereof provides:

### III. PERSONS INSURED.

Each of the following is an insured under this insurance to the extent set forth below:

Under the Garage Bodily Injury and Property Damage Liability Coverages:

\*    \*    \*    \*    \*    \*

(3) With respect to the automobile hazard:

> (a) any person while using, with the permission of the named insured, any automobile to which the insurance applies under the automobile hazard, provided his actual operation or (if he is not operating) his other actual use thereof, is within the scope of such permission.

\*    \*    \*    \*    \*    \*

None of the following is an insured:

\*    \*    \*    \*    \*    \*

(iii) any person or organization, other than the named insured, with respect to any automobile,

\*    \*    \*    \*    \*    \*

(b) possession of which has been transferred to another by the named insured pursuant to an agreement of sale. \*    \*    \*

---

\* There is a substantial actual controversy within the jurisdiction of this Court between the adverse parties, who have adverse legal interests, wherein the relief sought is a reality, and this Court is therefore authorized to declare the rights and other legal relations of the parties. 28 U.S.C. § 2201; City of Tullahoma, Tenn. v. Coffee County, Tenn., D.C.Tenn. (1962), 204 F.Supp. 794, 797 [1], reversed on other grounds, C.A. 6th (1964), 328 F.2d 683.

It appears from the record that, on July 18, 1969, Mr. Prather was negotiating with Mr. Carl Bird the purchase from Towne Gate of its 1963 Ford automobile. A mutually satisfactory price was negotiated. On behalf of Towne Gate, Mr. Bird then gave Mr. Prather permission to drive the vehicle to get his mother and then go to the Mosheim Bank, Mosheim, Tennessee, to enable Mr. Prather to obtain a loan with which to complete the purchase of the vehicle. A temporary license tag and the ignition key to this automobile were handed to Mr. Elkins, and the pair left Towne Gate's premises about 8:45 o'clock, a. m. Mr. Elkins accompanied Mr. Prather during the latter's negotiations with Mr. Bird and also accompanied Mr. Prather as the latter drove Towne Gate's automobile (to which the aforementioned insurance applied under the automobile hazard provisions of the policy) on U. S. highway (bypass) route no. 11–E toward Mosheim.

After this pair had proceeded to a point beyond the intersection of the aforementioned bypass with the Greeneville, Tennessee business district branch of said highway route, at about 11:00 o'clock, a. m., without having reached Mosheim, they began to return toward Greeneville to enable Mr. Elkins to keep an eleven o'clock appointment in Greeneville. When the automobile again reached the aforementioned intersection, it was involved in a collision with a truck, in which Mr. Elkins was injured.

Although Federated claims that at the time of this accident, Mr. Prather had purchased the automobile from Towne Gate, and Mr. Elkins claims that Mr. Prather was merely testing the vehicle, the evidence shows conclusively that there had been no transfer by Towne Gate of the automobile to Mr. Prather " * * * pursuant to an agreement of sale. * * * " Thus, Mr. Elkins is entitled to a partial summary judgment on this issue, and summary judgment will enter to such effect. Rule 56(c), Federal Rules of Civil Procedure; see Cram v. Sun Insurance Office, Ltd., C.A. 4th (1967), 375 F.2d 670, 673–674 [3–5].

There remains the further issue, whether at the time of this collision, Mr. Prather was using the automobile involved with the permission of Towne Gate within the scope of such permission. The aforequoted language from Federated's insurance policy is commonly known as the omnibus clause. Tennessee law on this point is well-summarized for us by the Court of Appeals for the Fifth Circuit, as follows:

\* \* \* \* \* \*

The rule in Tennessee is:

[W]here one has only limited permission of the owner to use the car in a specified area for a limited time and particular purpose and does not have a general discretion as to the use of the car, then the coverage of the omnibus clause is not extended to his use of the car any place or for a purpose not consented to nor reasonably contemplated by the owner in giving the initial permission.

Moore v. Liberty Mutual Ins. Co., 193 Tenn. 519, 246 S.W.2d 960, 961 (1952). If, on the other hand, the driver had the general permission of the owner and general custody of the automobile, without restriction, the driver is an additional insured under the omnibus clause, even though he did not have the owner's permission to drive the automobile at the time and place of the accident. Stovall v. New York Indemnity Co., 157 Tenn. 301, 8 S.W.2d 473, 72 A.L.R. 1368 (1928). But, if the person given the general permission and custody delivers the automobile into the hands of a third person, unknown by and unapproved by the owner, the third person is not deemed to be driving with the permission of the owner and is not an additional insured. American Automobile Ins. Co. v. Jones, 163 Tenn. 605, 45 S.W.2d 52, 53 (1932).

\* \* \* \* \* \*

Maryland Casualty Company v. Williams, C.A. 5th (1967), 377 F.2d 389, 397–398 [23, 24].

It is undisputed that Mr. Prather had the limited permission of Towne Gate to use the insured vehicle to get his mother and then go to the Mosheim Bank to obtain money, with which to complete the purchase of the automobile. It is further undisputed that, although occurring long after such a permission could have been utilized completely, the accident in question occurred on a portion of a roadway which Mr. Prather could have traversed within the scope of his permission. The genuine issue of material fact is whether Mr. Prather was using the car for a purpose not consented to nor reasonably contemplated by Towne Gate in giving the initial permission. This determination can only be made by the jury. See Willliams v. Travelers Insurance Company, C.A. 4th (1959), 265 F.2d 531, 532.

As to this issue, accordingly, both motions for a summary judgment hereby are denied. Rule 56(c), Federal Rules of Civil Procedure.

■ Federated has moved the Court also to enter a judgment by default against Mr. Prather for his failure to plead or otherwise defend. Rule 55(b)(2), Federal Rules of Civil Procedure. This matter addresses itself to the discretion of the Court, Lau Ah Yew v. Dulles, C.A. 9th (1956), 236 F.2d 415, 416[1]; and, in its discretion, because of the respective postures of the parties, the Court hereby denies such motion at this time.

## MEMORANDUM OPINION ON THE MERITS

The parties submitted this matter to the Court on the record on September 20, 1971. Proposed findings of fact and conclusions of law have now been received.

The Court stated the salient facts necessary to a decision herein in considering the cross motions for a summary judgment. See memorandum opinion and order of June 2, 1971. Those facts as thus stated are now adopted by the Court as findings. The remaining issue, whether the defendant Mr. Prather was utilizing the automobile referred to therein for a purpose not consented to nor reasonably contemplated by Mr. Bird, of Towne Gate Motors, Inc., in giving the initial permission depends upon those facts and the reasonable inferences to be drawn therefrom.

■ The Court infers from the conduct and statements of Mr. Bird that he was in the attitude of allowing Mr. Prather to use the automobile in whatever manner might contribute to the consummation of the transaction with Mr. Prather. Consideration for such sale and purchase had been agreed upon. It only remained for Mr. Prather to obtain the proceeds of a loan from a bank; and, it was necessary for his mother to sign the loan documents before this could be accomplished. It is obvious that the overriding interest of Mr. Bird was that Mr. Prather leave the automobile agency, make his financial arrangements, come back with the money, and complete the deal. It is inferrable that Mr. Bird was not interested in the route Mr. Prather took in going to and from Mosheim; he invoked no limitation on routes. It is inferrable that he had no particular interest in the length of time Mr. Prather devoted to the errand, within reason; he invoked no time limitation. The ultimate inference follows that Mr. Bird consented to and reasonably contemplated, in giving Mr. Prather permission to use the car, that the latter would utilize the vehicle as he did on this occasion.

It is concluded from the foregoing and declared that the plaintiff's policy no. SMP 6 58662, it issued on February 15, 1969, to Towne Gate Motors, Inc., affords coverage, and that the plaintiff is liable under such policy for the investigation and defense of the claims asserted by the defendant Mr. Elkins and for the payment of any judgment which may be recovered by him against his codefendant Mr. Prather. Rule 58, Federal Rules of Civil Procedure.