**William C. WILSON, Jr., Plaintiff,**

v.

**Heiskell H. WINSTEAD, Defendant.**

**No. CIV-2-79-43.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 25, 1979.

---

Carleton W. Smith, Greeneville, Tenn., for plaintiff.

Charles R. Terry, Morristown, Tenn. and N. R. Coleman, Jr., Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The default of the defendant herein was entered on April 6, 1979. Rule 55(a), Federal Rules of Civil Procedure. On the same day, the plaintiff moved for a default judgment. Rule 55(b), Federal Rules of Civil Procedure. On April 9, 1979 the defendant made a motion that such default be set aside and vacated and submitted a proposed answer. Rule 55(c), Federal Rules of Civil Procedure.

The purport of the defendant's motion under Rule 55(c), *supra*, is that it is con-trary to the " * * * local custom and practice * * * " for an attorney to move for the entry of a default without prior notice to adversary counsel. Whatever may be the localized custom and practice in that regard, such is not sanctioned by the rationale of Rule 55(a), *supra*.

The possibility of being held in default acts as a deterrent to those parties resorting to delay as an element of their litigation strategy. *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder L.*, C.A.D.C. (1970), 139 U.S.App.D.C. 256, 258, 432 F.2d 689, 691. Indeed, the plaintiff who fails to move seasonably for entry of a default is in peril of being confronted with a dismissal of his complaint for his failure to prosecute, *see* Rule 41(b), Federal Rules of Civil Procedure. If it is the practice to give more personalized notice of an intention to seek entry of a default, then counsel should adhere to the local custom and practice.

 It is only for good cause that the entry of a default may be set aside. Rule 55(c), *supra*. Defaults are looked upon by this Court with disfavor. *Carol B. Sorrell*, plaintiff, v. *United Inter-Mountain Telephone Company*, defendant, no. CIV–2–74–3, memorandum opinion and order therein of July 18, 1974. Defaults are disfavored especially in certain types of actions, such as, for example, those implicating a public issue. 10 Wright and Miller, Federal Practice and Procedure 251: Civil, § 2681. In the matter *sub judice*, public employment by an elected public official is involved.

 Although counsel who practice in this Court are cautioned against deeming any localized custom or practice to constitute "good cause" for the setting-aside of an entry of default in this Court, paramount is the consideration that this Court exists to do justice and is reluctant to proceed toward any judgment without a trial of the disputed issues. Possessing discretion to that end, *Federated Mut. Implement & Hardware Ins. Co. v. Prather*, D.C.Tenn. (1971), 343 F.Supp. 819, 822[2], affirmed C.A. 6th (1972) (no. 72–1040), the Court exercises that discretion so as to SET

ASIDE and VACATE the entry of default of April 6, 1979 herein. Rule 55(c), *supra*. The clerk will file the defendant's answer; the plaintiff's motion for a judgment by default is thus rendered MOOT.