129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James V. LOCKARD, Plaintiff-Appellant,
v.
John KITZHABER, Governor of the State of Oregon; Gary
Weeks, Personally, and in his capacity as State Director of
the Human Resources Department; Stephen D. Minnich,
Personally, and in his capacity as State Administrator of
the Adult and Family Services Division; William D. Young,
Personally, and in his capacity as Hearing Officer for the
State of Oregon; Beth Branchaud, Personally, and in her
capacity as office manager, Defendants-Appellees.
 No. 96-36134.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-92-06216-TMC; Thomas M. Coffin, Magistrate Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James V. Lockard appeals pro se the district court's Fed.R.Civ.P. 12(b) dismissal of his 42 U.S.C. § 1983 action alleging that Oregon state officials wrongfully denied him food stamps. Lockard only challenges the district court's denial of his motion for entry of a default judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Lockard contends that the district court abused its discretion by denying his motion for entry, of a default judgment because the state officials were two months late in responding to his fourth amended complaint. We disagree.
 
 
 4
 We review for an abuse of discretion the district court's denial of a motion for entry of a default judgment. See Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991). The district, court may enter a default judgment against a party who fails to plead or otherwise defend. See Fed.R.Civ.P. 55(a).
 
 
 5
 Here, the state officials answered Lockard's fourth amended complaint before Lockard properly moved for entry of a default judgment. Thus, Lockard failed to demonstrate any prejudice from the state officials' delay in answering his fourth amended complaint. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986); see also Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir.1956) (per curiam) (upholding denial of motion for entry of default judgment where answer was not timely). Accordingly, the district court did not abuse its discretion by denying Lockard's motion for default judgment. See Pau, 928 F.2d at 885.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3