# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 9, 2000 Session

## TENNESSEE FARMERS MUTUAL INSURANCE COMPANY v. NICHOLAS REAVES RAMSEY

### Appeal from the Circuit Court for Rutherford County
### No. 41304    Robert E. Corlew, Judge

---

### No. M2000-01162-COA-R3-CV - Filed May 2, 2001

---

This case seeks declaratory judgment as to whether or not the defendant, Nicholas Reaves Ramsey, was a "covered person" within the omnibus clause of an automobile liability insurance policy. In a non-jury trial the trial judge held that Defendant was not covered under the omnibus clause. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, JJ., joined.

John Thomas Feeney and Gina L. Zylstra, Nashville, Tennessee, for the appellant, Nicholas Reaves Ramsey.

Steven A. Dix, Murfreesboro, Tennessee, for the appellee, Tennessee Farmers Mutual Insurance Company.

### OPINION

This case involves a fact-sensitive swearing contest as to the scope of permission given by an owner of a truck to the driver thereof at the time of an automobile accident.

Michael West is the owner and operator of a business in Coffee County, Tennessee known as Mike West Trenching and Excavating Company. The defendant, Nicholas Reaves Ramsey, was either an employee or an independent contractor doing trenching and excavating work for Michael West. The plaintiff, Tennessee Farmers Mutual Insurance Company, issued a policy of general automobile liability insurance to Mike West and Gwen West as named insureds. This policy covered a 1995 Ford F-350 pickup truck.

The determinative provisions of the policy provide as to liability coverage:

1. <u>Covered person</u> means:

a. you or any family member for the maintenance or use of any auto or trailer;

b. any person using your covered auto with your permission and within the scope of your permission;

In addition to his trenching and excavating business, Michael West was a full-time employee at Heritage Farms Dairy in Murfreesboro, Tennessee. His trenching and excavating business centered principally around Coffee County, Tennessee and the immediate surrounding areas. The Ford F-350 pickup truck was used by his employees and subcontractors, including Defendant, to move equipment from job site to job site in his absence. To facilitate this procedure, Michael West hid the keys to the truck in areas of the truck known to these employees and subcontractors.

Michael West testified that he had rules regarding the use of the work truck which he explained to all subcontractors and employees, including Defendant. Subcontractors and employees were instructed to always notify Michael West as to where his truck was being left after the work day and that they were not to "joy ride" in the truck. He also instructed them not to drink alcoholic beverages in the truck and that they were not to take the truck off the job site without prior approval.

Defendant, on the other hand, testified that Mr. West had previously stated to him that "any time we needed the truck, we were more than welcome to use it." Defendant further testified that the truck had no established place but routinely stayed at various job sites, at Mr. West's residence, and on occasion at the Ramsey family farm.

The accident in issue occurred on Saturday, November 7, 1998, and the facts surrounding this accident are subject to very little dispute. On Friday, November 6th, Mr. West called Defendant at his Murfreesboro apartment and told Defendant to pick up the truck from Benny Roberts' farm and drive it to a farm owned by Grady Freeze. Then, Defendant was to pick up some equipment and drive the truck and equipment to Jerry Stephens' farm. Defendant was then to begin working the Stephens' job and meet with Mr. West at the job site on Stephens' farm the following morning. On Friday, November 6, 1998, Defendant drove his Volkswagon car to Benny Roberts' farm, retrieved the Ford F-350 truck and delivered the equipment to the Stephens' farm where he began work on the Stephens' job.

On the evening of November 6, 1998, Mr. West spoke with Mr. Stephens and confirmed that Defendant had been there earlier that day. After working at the Stephens' job site, Defendant drove the truck to a Turning Point class in Tullahoma. This class was a part of punishment and probation given to Defendant upon his conviction of illegal consumption of alcohol. After he completed his probationary class, Defendant then drove the truck to Murfreesboro to spend the night with his brother.

Defendant and his brother then stayed out until the early morning hours of November 7, 1998, visiting friends and consuming alcohol. Defendant admitted that he did not call Michael West to ask permission to take the truck to Tullahoma, nor did he ask permission to take the truck to Murfreesboro. Defendant "overslept" on Saturday morning, November 7, 1998, and did not meet Michael West at the Stephens' job site as previously planned. When he did awaken that morning, Defendant started back to Coffee County in the truck and was involved in a rear end collision with an automobile occupied by Charlie and Cathy Barrett. Notice of the accident was given to Tennessee Farmers Mutual and coverage to Nicholas Ramsey was denied.

This case comes before the Court on appeal under Tennessee Rule of Appellate Procedure 13(d) for *de novo* review with the trial court findings of fact presumed to be correct unless the evidence preponderates against such findings.

In this case, the trial court reached its conclusions after the in-court testimony of five witnesses, Michael West, Defendant Nicholas Ramsey, Brandy Arnold, Bradley Ramsey, and Hix Ramsey. Documentary evidence was limited to the policy of insurance with the controlling provisions thereof being undisputed.

> Unlike appellate courts, trial courts are able to observe witnesses as they testify and to assess their demeanor, which best situates trial judges to evaluate witness credibility. *See State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990); *Bowman v. Bowman*, 836 S.W.2d 563, 566 (Tenn. Ct. App. 1991). Thus, trial courts are in the most favorable position to resolve factual disputes hinging on credibility determinations. *See Tenn-Tex Properties v. Brownell-Electro, Inc.*, 778 S.W.2d 423, 425-26 (Tenn. 1989); *Mitchell v. Archibald*, 971 S.W.2d 25, 29 (Tenn. Ct. App. 1998). Accordingly, appellate courts will not re-evaluate a trial judge's assessment of witness credibility absent clear and convincing evidence to the contrary. *See Humphrey v. David Witherspoon, Inc.*, 734 S.W.2d 315, 315-16 (Tenn. 1987); *Bingham v. Dyersburg Fabrics Co., Inc.*, 567 S.W.2d 169, 170 (Tenn. 1978).

*Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999).

The Ford F-350 truck had no home of its own and was generally housed at job sites. Admittedly, Defendant did not have general custody of the truck in the manner forming the predicate for *Employer's Insurance of Wausau v. Woodruff*, 568 S.W.2d 625 (Tenn. Ct. App. 1978).

The trial court, on a pure credibility of witness' decision, accepted the Mike West version of permission in preference to the Defendant's version. The case does not involve the kind of broad permission and wide discretion as to the use of the vehicle as was involved in *Stovall v. New York Indemnity Co.*, 157 Tenn. 301, 8 S.W.2d 473 (Tenn. 1928), but is more clearly governed by *Moore v. Liberty Mut. Ins. Co.*, 193 Tenn. 519, 246 S.W.2d 960 (Tenn. 1952) and *Estate of Adkins v. White Consl. Indus.*, 788 S.W.2d 815 (Tenn. Ct. App. 1989).

In the words of *Moore v. Liberty Mutual Ins. Co.*: "[W]here one has only limited permission of the owner to use the car in a specified area for a limited time and particular purpose and does not have general discretion as to the use of the car, then coverage of the omnibus clause is not extended to his use of the car any place or for a purpose not consented to nor reasonably contemplated by the owner in giving the initial permission." *Moore v. Liberty Mut. Ins. Co.*, 246 S.W.2d 960, 961 (Tenn. 1952).

The judgment of the trial court is in all respects affirmed and costs of the appeal are assessed against the appellant.

_____
WILLIAM B. CAIN, JUDGE