JOE HAND PROMOTIONS,
INC., Plaintiff,

v.

David William STRESHLY, individually
and dba Rolling Stone Pizza Factory;
and Scotsumy Corporation, an un-
known business entity dba Rolling
Stone Pizza Factory, Defendants.

Case No. 08CV2390–LAB (LSP).

United States District Court,
S.D. California.

Sept. 14, 2009.

———

Thomas P. Riley, Law Offices of Thomas
P. Riley, South Pasadena, CA, for Plaintiff.

Defendant has not filed an appearance.

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITH LEAVE TO AMEND

LARRY ALAN BURNS, District Judge.

"Shoot for the moon. Even if you miss, you'll land among the stars." So the banal saying goes, and while it may be a laudable approach to life, it's an ill-advised strategy for obtaining a sizable judgment in this Court. Plaintiff asks for a default judgment to be entered in its favor for $100,875. That amount is manifestly excessive under existing law—and Plaintiff probably knows it. Plaintiff's motion for default judgment is therefore **DENIED,** but without prejudice and with leave to amend.

### I. Statement of the Case

The Clerk entered default in this case on March 17, 2009. (Dkt. No. 7.) Now before the Court is Plaintiff's motion for default judgment against Scotsumy Corporation, the sole remaining Defendant. (Dkt. No. 8.)

Because default has been entered, the Court takes as true the factual allegations in Plaintiff's complaint. Those facts are straightforward. Plaintiff controlled the television distribution rights for Ultimate Fighting Championship 79, a pay-per-view mixed martial arts event that took place the night of December 29, 2007. Defendant operates a pizza parlor and bar in Oceanside, California that showed the event by pirating the signal, rather than paying an $875 sublicensing fee to Plaintiff.

### II. Legal Standards

Entry of default does not entitle Plaintiff to a default judgment as a matter of right. The Court takes this principle especially seriously where, as here, the damages a plaintiff seeks are ostensibly disproportionate to those it suffered. Plaintiff

asks this Court to award it $100,875– $50,000 in statutory damages under 47 U.S.C. § 605, $50,000 in statutory damages under 47 U.S.C. § 553, and $885 for unlawful conversion.

Sections 553 and 605 of Title 47 allow for the recovery of actual or statutory damages, § 605 for the unauthorized publication of a wire communication, and § 553 for the unlawful interception or reception of a cable communication. Under § 605, statutory damages can't be less than $1,000 or more than $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). Under § 503, they must be between $250 and $10,000. 47 U.S.C. § 553(c)(3)(A)(ii). Where to set statutory damages within these ranges is up to the Court.

Also under both statutes, the Court can *increase* an actual or statutory damage award if it finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain. The increase under § 605 is capped at $100,000, 47 U.S.C. § 605(e)(3)(C)(ii), and the increase under § 553 is capped at $50,000, 47 U.S.C. § 553(c)(3)(B). In other words, the most a party can recover under § 605 is $110,000, and under § 553 it is $60,0000.

### III. Discussion

Plaintiff argues that § 605 "advises awarding up to $100,000 where 'the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain ...'" (Mem. in Supp. of Default J. at 7.) That is a slight misstatement of the law. The Court isn't sure where Plaintiff gets the word "advises," and, in any event, it is

more appropriate to think of the $100,000 and $50,000 amounts as discretionary increases above statutory maxima, not as damage awards, or enhanced damage awards, in and of themselves.[1] Indeed, the actual damage amounts Plaintiff initially sought in this action—$100,000 under § 605 and $50,000 under § 553—suggest to the Court that it looked straight to the discretionary increases under §§ 605(e)(3)(C)(ii) and 553(c)(3)(B) and construed their maxima as statutory entitlements, even though Plaintiff appears to understand that §§ 605(e)(3)(C)(i)(II) and 553(c)(3)(A)(ii), which set the range of statutory damages, are the appropriate starting point. (*See* Mem. in Supp. of Default J. at 3.)

But there are more serious defects with Plaintiff's default judgment motion. First, it is by now rather well-established that courts will not award damages under both § 605 and § 553 on a set of facts like that in this case. *See Time Warner Cable of New York City v. Googies Luncheonette, Inc.,* 77 F.Supp.2d 485, 489 (S.D.N.Y.1999) ("Where a defendant is liable under both § 553 and § 605, a plaintiff is entitled to have damages awarded under 605 which provides for greater recovery."); *Joe Hand Promotions, Inc. v. Dailey,* No. C 01–4219, 2003 WL 1342998 at *2 (N.D.Cal. Mar. 13, 2003) (adopting Second Circuit rule followed in *Googies* as "the most persuasive due to its extensive review of the legislative history").

Plaintiff cites one case, *Spencer Promotions, Inc. v. 5th Quarter Enterprises,* No. C–94–0988, 1996 WL 438789 (N.D.Cal. Feb. 21, 1996), and maintains "it is not unheard of for courts in this circuit to

---

**1.** The Court is also confused by Plaintiff's statement "Accordingly, it is respectfully submitted an award of the *enhanced* statutory damage *minimum* ($10,000) is a necessary baseline amount this Court should consider adopting to effectively deter parties such as the Defendants from stealing proprietary programming." (Mem. in Supp. of Default J. at 7.) The $10,000 amount is the statutory damages *maximum* under both 47 U.S.C. § 605 and 553.

award damages pursuant to both statutes." (Mem. in Supp. of Default J. at 6.) However, Plaintiff also cites numerous other cases, far more recent than *5th Quarter* and also from the Northern District of California, in which courts have declined to award damages under both statutes absent "unusual or particularly egregious circumstances." *Dailey* is just one of them. *See Kingvision Pay–Per–View, Ltd. v. Backman*, 102 F.Supp.2d 1196, 1197 (N.D.Cal. 2000) ("While a few courts have multiplied awards when liability exists under both provisions, the majority of courts—including most courts in the Ninth Circuit—have imposed damages pursuant to § 605 alone rather than cumulatively." (internal quotations omitted)); *Entertainment by J & J, Inc. v. Montecinos*, No. C 01–4242, 2002 WL 1735384 at *1 n. 1 (N.D.Cal. July 25, 2002); *Entertainment by J & J, Inc. v. Perez*, No. C99–4261, 2000 WL 890819 at *1 (N.D.Cal. June 30, 2000); *Joe Hand Promotions, Inc. v. Pete*, No. C–99–0531, 1999 WL 638215 at *1 (N.D.Cal. Aug. 17, 1999). Going by the case law *Plaintiff* presents, an award of damages under both §§ 605 and 553 is inappropriate.[2]

The second defect with Plaintiff's motion for default judgment is that it offers no precedent—not a single case—for a damage award of $100,875 to punish an act of piracy like Defendant's. In the relevant portion of its memorandum in support of default judgment, Plaintiff cites twelve cases that speak to precise damage amounts in cases of this nature. The Court has looked at each of those cases, and the largest award was for $25,000, in *5th Quarter*. Other awards were for: **$1,000** plus fees and costs (*Universal Sports Network, Inc. v. Jimenez*); **$2,741.28, $3,741.28,** and **$5,189.44** against separate defendants (*Kingvision Pay–Per–View, Ltd. v. Rivers*); **$7,983.50** (*Entertainment by J & J, Inc. v. Montecinos*); **$8,963.50** (*Joe Hand Promotions, Inc. v. Dailey*); **$10,425** (*Joe Hand Promotions, Inc. v. Pete*); **$19,000** (*Entertainment by J & J, Inc. v. Al–Waha Enterprises, Inc.*); **$1,805** plus fees and costs (*Entertainment by J & J, Inc. v. Perez*); **$2,410** plus costs and fees and **$1,435** plus costs and fees against separate defendants (*Kingvision Pay–Per–View, Ltd. v. Arias*); **$12,717.24** (*Kingvision Pay–Per–View v. Admiral's Anchor, Inc. No. 2*); **$4,635, $15,635,** and **$9,635** against separate defendants (*Time Warner Cable of New York City v. Googies Luncheonette, Inc.*); and $10,552.75 (*Time Warner Cable of New York City v. Taco Rapido Restaurant*).

The Court also ran a search for more recent cases in which Joe Hand Promotions brought suit over the alleged piracy of a Ultimate Fighting Championship event, and could not find one in which a damages amount close to $100,875 was awarded. *See Joe Hand Promotions, Inc. v. Tidmarsh* ($100,750 sought, **$30,000** awarded); *Joe Hand Promotions, Inc. v. Chapa* (**$60,000** in statutory and enhanced damages sought and awarded); *Joe Hand Promotions, Inc. v. Cat's Bar*, No. 08–

---

**2.** Plaintiff may have done well to cite *Joe Hand Promotions, Inc. v. Tidmarsh*, No. 09 CV 97, 2009 WL 1845090 (E.D.Cal. June 26, 2009) (R & R, later adopted by the district judge, supported $10,000 awards under both §§ 553 and 605), although the Court would have noted that the R & R largely ignored the question whether cumulative awards are appropriate in the first instance. *See also Joe Hand Promotions, Inc. v. Kaczmar*, No. 08 C 2190, 2008 WL 4776365 at *2 (N.D.Ill. Oct.

29, 2008) ("Plaintiff acknowledges ... it may not simultaneously pursue relief under both [§§ 553 and 605], because they target two distinct types of piracy."); *Joe Hand Promotions, Inc. v. Chapa*, No. H–08–422, 2009 WL 2215124 at *1 (S.D.Tex. July 22, 2009) ("The plaintiff recognizes that recovery under both § 553 and § 605 is precluded and, therefore, moves for summary judgment only under ... § 605.").

4049, 2009 WL 700125 (C.D.Ill. Mar. 16, 2009) ($110,000 sought, **$17,281.25** awarded); *Joe Hand Promotions, Inc. v. Garcia,* 546 F.Supp.2d 383 (W.D.Tex.2008) ($14,050 awarded); *Joe Hand Promotions, Inc. v. Kaczmar* (**$6,792** awarded).

Looking at all of these cases, the Court, quite frankly, is baffled by Plaintiff's request for $100,875 in this case. It would be different if the Court understood Plaintiff to be asking for damages *up to* $100,875, with the plain expectation that the Court would determine an award it thought was reasonable, taking the facts of this case and similar cases into account. But as Plaintiff's counsel made clear in a supplemental declaration filed on September 4, 2009, *see* Dkt. No. 13, "Plaintiff now seeks total damages in the amount of $100,875.00; comprised of $50,000 in statutory damages under Title 47 U.S.C. § 605 and $50,000 in statutory damages under Title 47 U.S.C. § 553, along with the sum of $875 in compensatory damages for its claim of conversion."

The Court find's Plaintiff's damages request particularly distressing because Plaintiff (and Plaintiff's counsel) has obviously filed these piracy lawsuits before, and must know that $100,875 is an implausible award. Scotsumy may be the Blackbeard of pirates, but Plaintiff makes no attempt to portray it as such, and to the contrary, the act of piracy attributed to Scotsumy is as routine as they come—its transgression only slightly exacerbated, if at all, because it advertised that it would show the UFC knowing it had not properly obtained sublicensing rights. (*See* Lipsky Decl.)

This Court is entirely willing to enter a default judgment for Plaintiff in this case. Plaintiff is entitled to one. The Court will not, however, indulge Plaintiff's attempt to obtain the biggest judgment it can by filing cookie-cutter pleadings [3] that trivialize the particular facts of this case and ignore the voluminous case law that reveals its requested judgment to be so wildly out of the question. *See Lau Ah Yew v. Dulles,* 236 F.2d 415, 416 (9th Cir.1956) ("[T]he grant or denial of a motion for the entry of a default judgment is within the discretion of the court.") The motion for default judgment is **DENIED,** but without prejudice. Plaintiff has one week from the date this order is entered to file an amended motion for default judgment that is more modest and more in line with existing case law. Plaintiff is advised to consult Fed. R.Civ.P. 11(b)(2) before doing so. Failure to file an amended motion for default judgment will result in the denial of Plaintiff's motion for default judgment, with prejudice, and the termination of this case.

**IT IS SO ORDERED.**

---

**3.** Joe Hand's motions for default judgment in this case and *Tidmarsh,* for example, are virtually identical. *See also Joe Hand Promotions, Inc. v. Haddock,* 09 CV 290, Dkt. No. 11 (E.D.Cal. June 2, 2009).