### BRANCH v. UNITED STATES FIDELITY & GUARANTY CO.

#### No. 11466.

United States Court of Appeals
Sixth Circuit.

Sept. 19, 1952.

John R. Gilliland, Memphis, Tenn. (John R. Gilliland, Charles G. Black, Memphis, Tenn., on the brief), for appellant.

Charles G. Morgan, Memphis, Tenn. (Charles G. Morgan, Memphis Tenn., on the brief), for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

In this action against the Appellee, under the "omnibus clause" of an automobile liability insurance policy, the District Judge, trying the case without a jury, found for the Appellee and dismissed the action on its merits.

Prior to November 28, 1948, the Appellee, United States Fidelity and Guaranty Company, issued to Silvio Lucchesi its automobile liability insurance policy insuring against liability arising out of the ownership and operation of his automobile, which was subsequently involved in the accident hereinafter referred to. The policy named Lucchesi as the person insured and further provided in its so-called "omnibus clause" that it also included as insured under it "any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named assured."

While in Lucchesi's store on the night of November 27, 1948 as a customer, Willie Carr, an employee at Gee Brothers Garage, in Memphis, Tennessee, made an arrangement with Lucchesi by which he was to pick up Lucchesi's automobile early the next day at the Lucchesi home and take it to Gee Brothers Garage, about 2½ miles distant, for washing and simonizing. Accordingly, the automobile was turned over to Carr about 7:00 A.M. on November 28, 1948, with the understanding that it was to be taken to the garage to be worked on as stated and returned to Lucchesi's home by two o'clock that day. After working on the automobile for a while at the garage, rain interrupted Carr's work about 11:15 A.M. He then drove the car to the railroad station to meet his wife, and upon it developing that his wife was not on the train which he met, Carr drove the automobile first to his home on Simpson Street and then started to drive to Tunica, Mississippi, about 35 miles South of Memphis, to pick up his wife there. About 1:30 P.M. near the Mississippi State line on Highway 61 in Shelby County, Tennessee, and at a point some 14 miles distant from Gee Brothers Garage, he met with a serious accident involving the car of the appellant, Oliver Branch, which resulted in a judgment in favor of Branch against Carr in the sum of $8,432.27. An execution issued on the judgment was returned wholly unsatisfied. Branch thereafter filed this action to recover from the Appellee the amount of the judgment, claiming that Carr was included as an assured under the omnibus clause contained in the liability insurance policy. It is the contention of the Appel-

lee that Carr was not "an additional assured" under the policy which contention the District Judge sustained in dismissing the action.

■ The construction and application of the omnibus clause in automobile liability insurance policies have been the subject of much litigation throughout the country. The Courts are divided in their holdings into three general groups; (1) the so-called strict rule, which denies coverage if the driver departs from the intended purposes of the owner; (2) the minor deviation rule holding that the policy covers the driver of the car if the deviation is slight; and (3) the so-called liberal rule which holds that the policy covers the driver although he deviates from the intended purposes of the owner, if he originally obtained possession with the owner's permission. Annotation 5 A.L.R.2d 600, 624–643; Vezolles v. Home Indemnity Co., D.C.W.D.Ky., 38 F.Supp. 455, 457, Id., 6 Cir., 128 F.2d 257; Yorkshire Indemnity Co. v. Collier, 6 Cir., 172 F.2d 116. This case is controlled by the law of Tennessee, which State adopted the so-called liberal view in 1928. Stovall v. New York Indemnity Co., 157 Tenn. 301, 8 S.W.2d 473, 474, 72 A.L.R. 1368.

Appellant contends that the present case is controlled by the ruling in Stovall v. New York Indemnity Co., supra. In that case, a wholesale dry goods firm in Memphis purchased an automobile which it assigned to its salesman for his use in covering his territory. The salesman was specifically instructed that he should not use the automobile for his own pleasure or private purposes. The salesman brought the automobile with him to Memphis in attending a convention, and at three o'clock one afternoon, before the completion of his duties for the day, he left without notice to his superior to drive to Sardis, Mississippi to visit a young lady. Sardis was not in his territory. The car was involved in an accident in Mississippi on the trip to Sardis. The insurance policy covering the automobile contained an omnibus clause which covered any person legally operating the automobile, " 'providing such use or operation is with the permission of the named assured' ". The injured parties secured judgments totaling $3,000 against the salesman and following a nulla bona return of the executions against him, suit was instituted against the insurer under the omnibus clause of the policy. Judgments for the plaintiffs were affirmed by the Supreme Court of Tennessee. In doing so, the Court, after discussing the question, stated—"It is our opinion that the words, 'providing such use or operation is with the permission of the named assured,' were intended to exclude from the protection of the policy a person who should take the automobile and use it without permission or authority in the first instance. If, however, the automobile covered by the policy is delivered to another for use, with the permission of the owner or insured, his subsequent use of it is with the permission of the insured, within the meaning of the policy, regardless of whether the automobile is driven to a place or for a purpose not within the contemplation of the insured when he parted with possession." This Court followed that ruling in Preferred Accident Insurance Co. v. Barker, 6 Cir., 104 F.2d 424.

Appellant concedes, however, that there are some limitations to the broad rule as stated in Stovall v. New York Indemnity Co., supra. In American Automobile Ins. Co. v. Jones, 163 Tenn. 605, 45 S.W.2d 52, decided in January 1932, it was held that the ruling did not apply to a case in which one in possession of the car with the permission of the owner permits a third party stranger to operate the car, or in a case where the particular misuse of the car was expressly prohibited. This Court has likewise held that the rule did not apply in a case where the actual use of the car at the time of the accident had been specifically forbidden by the owner. Caldwell v. Standard Accident Ins. Co., 6 Cir., 98 F.2d 364.

The Appellee contends that the broad rule as stated in Stovall v. New York Indemnity Co., supra, has been further limited by the rulings of the Supreme Court of Tennessee in Romines v. The Preferred Accident Ins. Co., decided Nov. 26, 1932 and unreported, but referred to and discussed in Hubbard v. U. S. Fidelity &

Guaranty Co., 192 Tenn. 210, 215–216, 240 S.W.2d 245, 248, and by the decision in the Hubbard case, handed down on May 14, 1951. In both of those cases possession of the insured car was obtained by the driver with permission of the owner for a specific purpose, and the driver without authority from the owner used the car for other purposes of his own, in the course of which an accident occurred. In both cases the Court held that the use of the car at the time of the accident was not with the permission of the named assured, and rendered judgment for the defendants. In both cases the ruling in the Stovall case was referred to and the case distinguished. In Hubbard v. U. S. Fidelity & Guaranty Co. the Court made this distinction—"In the present case, Baker was employed to use a motorcycle with very limited authority. He had no permission to use the vehicle except on business of his employer and during his hours of duty. In the Stovall case, the salesman was given possession of the automobile with broad permission and wide discretion as to its use. In the cause now before us, Baker was given no discretion as to the use of the motorcycle except for a specified purpose." The Court in closing its opinion ruled as follows: "The initial permission is not controlling where the use is limited to a specific purpose for a limited time and the driver takes the car for his own purposes and has an accident when using the car in a complete departure from any business of or permission by the owner."

Appellant concedes that the rulings in those two cases are correct on the facts therein involved, in that in each case the use of the car at the time of the accident was after the expiration of the time of the permissive use by the owner. He contends that in addition to the two exceptions to the general rule as recognized by American Automobile Ins. Co. v. Jones, supra, and Caldwell v. Standard Accident Ins. Co., supra, there is also another logical exception, namely, that the omnibus clause in such a policy does not cover the operation of a car by a driver other than the owner, who although having obtained initial possession of the car with the consent of the owner, has nevertheless retained possession of the car after the period of permissive use has expired. See Vezolles v. Home Indemnity Co., supra, and Yorkshire Indemnity Co. v. Collier, supra. Appellant contends, however, that although rulings in the Romines case and the Hubbard case are correct on the facts therein, the statements in those opinions drawing a distinction between possession with broad permission and possession limited to a specific purpose, thus modifying the previous rule laid down by Stovall v. New York Indemnity Co., supra, were not a correct statement of the law, and should not be accepted by us as a statement of the Tennessee rule.

In support of this contention, Appellant relies upon the case of Foley v. Tennessee Odin Ins. Co., decided by the Supreme Court of Tennessee on February 26, 1952 and reported in 245 S.W.2d 202. In this case, the owner loaned his automobile to one Dies about 8:30 in the morning to go from Hartsville to Lebanon, Tennessee, to get his nephew out of jail. Dies went to Lebanon, got his nephew out of jail, and returned to Hartsville about 2:00 o'clock that afternoon. About an hour later, Dies took the automobile and started on a trip to Gallatin, Tennessee, on which trip an accident occurred. The defendant insurance company took the position that it was not liable under the omnibus clause in the policy, because at the time of the accident Dies had completed the mission for which the automobile had been loaned to him and had gone off on an entirely independent mission relying upon the ruling in Hubbard v. U. S. Fidelity & Guaranty Co., supra. The Court distinguished the Hubbard case from the Foley case upon the ground that in the Hubbard case the use of the car at the time of the accident was specifically forbidden by the owner, stating—"The use of the car in the present case, at the time of the accident, was not specifically forbidden by the owner and assured but was through at least implied permission of the owner to the driver of the car." The Court held that the Foley case came directly within the rule laid down in Stovall v. New York Indemnity Co., supra, which it referred to as

having been the law in Tennessee for many years. The opinion, in approving the rule as stated in that case, which made the character of initial possession the important factor, said that the Court saw no reason to overrule the Stovall case. The appellant points out that the opinion in the Foley case makes no mention of whether the permission to use the vehicle was broad or limited but makes the test of liability the same as was announced in the Stovall case, namely, whether the vehicle was delivered to another with the permission of the named assured in the first instance. It is urged upon us that the Foley case has settled whatever confusion was caused in the Tennessee law by the rulings in the Romines and Hubbard cases.

However, since the present case was briefed and argued, Appellee has called our attention to a later decision of the Supreme Court of Tennessee, namely, Moore v. Liberty Mutual Ins. Co., 246 S.W.2d 960, decided March 7, 1952, of which neither the Court nor counsel for either party was advised at the time of argument. In this case, General Products Division of General Shoes Corporation was operating a leased truck covered by an automobile liability insurance policy containing the usual omnibus clause. Simmons was a porter at the business place of General Products. He obtained permission from General Products to take the truck one evening for the purpose of hauling a small amount of furniture of his sister-in-law from one point to another point in the City of Nashville, about two miles. Instead of hauling the furniture Simmons picked up a friend, drove to Murfreesboro, some thirty miles from Nashville, and was involved in a serious accident. In a suit involving the coverage of the policy, the plaintiff relied upon Stovall v. New York Indemnity Co., supra, and attacked the ruling of the Court in the later case of Hubbard v. U. S. Fidelity & Guaranty Co., supra. The Court held that liability did not exist under the policy and affirmed the judgment of the Court of Appeals dismissing the action. The Court held that the possession of the truck by Simmons was for a definite purpose, namely, to haul the furniture from one point to

another in the City of Nashville; that he had no general custody of the truck and no permission to use it for general purposes; and that the distinction between the Stovall case and the Hubbard case was the difference between general custody and a limited permission; it repeated with approval what was previously said in the Hubbard case and distinguished the Foley case from it on the ground that in the Foley case the driver of the truck had general permission to use it. This appears to be the latest ruling of the Supreme Court of Tennessee upon the subject.

■ Appellant in an able brief recently received attacks this ruling as unsound in view of the previous rulings of the Court, and as being unsupported by the authorities from other States relied on therein. But under the established rule in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, in cases of this kind, we are required to follow the state law upon the subject, regardless of our agreement or disagreement with it. We are not authorized to act as a reviewing court for the purpose of determining whether the ruling of the state court of last resort is sound. West v. American T. & T. Co., 311 U.S. 223, 236–237, 61 S.Ct. 179, 85 L.Ed. 139. The Court of Appeals applies the law as it is at the time the judgment is reviewed, even though the law has been changed since the judgment of the District Court. Vandenbark v. Owens-Illinois Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327; Huddleston v. Dwyer, 322 U.S. 232, 236, 64 S.Ct. 1015, 88 L.Ed. 1246. In our opinion, the controlling rule of law of Tennessee, as it presently exists, is as expressed in the case of Moore v. Liberty Mutual Ins. Co., supra, its latest ruling on the question, which draws the distinction between general custody of and limited permission to use the insured automobile, rejecting the earlier rule announced in the Stovall case that liability exists where the original possession of the car was with the permission of the owner, regardless of its unauthorized and unanticipated use thereafter. Dayton & Michigan R. Co. v. C. I. R., 4 Cir., 112 F. 2d 627, 630; Yoder v. Nu-Enamel Corp., 8 Cir., 117 F.2d 488, 490. See Moore v. Illi-

nois Central R. Co., 312 U.S. 630, 634, 61 S.Ct. 754, 85 L.Ed. 1089.

Applying that rule to the facts of the present case, it necessarily follows Carr was not an insured under the provisions of the omnibus clause of the policy involved in this suit. He had no general custody of the automobile. He had a limited possession, but certainly no permission to use it for general purposes. In fact, he had no permission of any kind to use the car for his own purposes. His possession was for the purpose of performing work upon the car, not for the purpose of using it. In our opinion, the District Judge was correct in ruling that when the accident occurred Carr was using the assured's automobile without the latter's knowledge and consent and without his permission.

The judgment is affirmed.