A89A1097. SELECT INSURANCE COMPANY
v. REGISTER et al.
(384 SE2d 238)

McMURRAY, Presiding Judge.

This declaratory judgment action was brought by Select Insurance Company ("Select Insurance") to determine if it must provide a defense to Warness Register, an employee of Tracey-Luckey Company, Inc. ("Tracey-Luckey"), its insured. Following discovery, Select Insurance moved for summary judgment, asserting it was not obligated to defend Register or pay any judgment rendered against him

because he was not an "insured" pursuant to the terms of the policy issued to Tracey-Luckey. The trial court denied the summary judgment motion and certified its ruling for immediate review. We granted this interlocutory appeal.

Tracey-Luckey purchased a pecan growing and harvesting business from David Bentley in 1983. Following the purchase, Bentley was retained to manage the business until 1984. Then, following a short period in which Register supervised a work crew at Ray City and Barney, Tracey-Luckey installed Alec Merritt as its manager.

On November 1, 1987, Select Insurance issued a commercial insurance policy to Tracey-Luckey. The policy included business auto coverage. Regarding who is an insured, the policy provided, in pertinent part: "The following are 'insured': a. You for any covered 'auto.' b. Anyone else while using with your permission a covered 'auto' you own. . . ."

Register began working for the business in 1977. He was on call 24 hours a day, 7 days a week and he was permitted to drive a truck owned by the business between work and home. During Bentley's tenure, Register could also use a truck for personal purposes. When Merritt managed the business, however, Register was told that, although he could continue to drive a truck between work and home, he was not to drive it for any personal purpose.

According to Register, when he drove a company truck home, he parked it and left it there until he returned to work. Merritt recalled an occasion in 1984 or 1985, however, when he saw Register driving a truck for pleasure on a Sunday afternoon. He averred that the next day he confronted Register and reminded him that he was not to drive a business truck for his personal use. In Merritt's words, "I told him 'You are not to do that.'"

Merritt had no further problems with Register until November 22, 1987. On that day, a Sunday, Register drove a company truck to repair a neighbor's pecan shaker. This was a purely personal mission which Register undertook to earn some extra money.

After repairing the shaker, Register drove the truck to a convenience store where he purchased a soft drink. Then, he left the store and started home. On the way, he met some friends who were drinking alcoholic beverages on the side of the road. He joined them and drank beer and gin for several hours. Departing, Register drove the truck into an automobile driven by Ricky Crosby.

Crosby and Crosby's wife brought a negligence and loss of consortium action against Register and Tracey-Luckey. (The liability of Tracey-Luckey was predicated upon a respondeat superior theory.) Thereupon, Select Insurance brought this declaratory judgment action, naming Register and the Crosbys as defendants. *Held*:

This case is controlled by *Ditmyer v. American Liberty Ins. Co.*,

117 Ga. App. 512 (160 SE2d 844). "In *Ditmyer v. American Liberty [Insurance Company*, supra], the majority of this court rejected the 'first instance permission' rule and instead adopted the rule that 'while a slight or inconsequential deviation from the permission given will not annul the coverage of the omnibus clause (see *Hodges v. Ocean Accident &c. Corp.*, (66 Ga. App. 431 (18 SE2d 28))), there is an absence of permission within the meaning of the policy if the vehicle is being driven at a time or a place or for a purpose not authorized by the insured.'" *Griffin v. State Farm &c. Ins. Co.*, 129 Ga. App. 179, 182 (3) (199 SE2d 101). In the case sub judice, Register was permitted to drive a company truck between work and home, but he was not permitted to drive it for any personal purpose. Nonetheless, Register drove the truck on a Sunday afternoon for just such a personal purpose. In so doing, Register deviated substantially from the scope of permission set forth by Tracey-Luckey. In fact, the use which Register made of the company truck was expressly forbidden by Tracey-Luckey. Accordingly, Select Insurance carried its burden of demonstrating that Register was not an insured under the policy issued to Tracey-Luckey. *Ditmyer v. American Liberty Ins. Co.*, 117 Ga. App. 512, supra; *Hodges v. Ocean Accident &c. Corp.*, 66 Ga. App. 431, supra.

In rejecting the "first instance permission" rule, the *Ditymer v. American Liberty Ins. Co.*, supra, majority noted that the rule "is generally associated with compulsory liability insurance (see *Hodges*, and 7 Appleman, 1967 Supp.), which we do not have in Georgia." *Ditmyer v. American Liberty Ins. Co.*, 117 Ga. App. 512, 519, supra. Should the rule be adopted now? (After all, it is now the public policy of this State, since the enactment of compulsory liability insurance, that "innocent persons who are injured should have an adequate recourse for the recovery of their damages." *Anderson v. Southeastern Fidelity Ins. Co.*, 251 Ga. 556, 557 (307 SE2d 499). Accord *Watson v. Southern Ins. Co. of Dallas*, 185 Ga. App. 223 (363 SE2d 629). Given the facts of the case sub judice, we need not decide. "Even in jurisdictions where the first instance permission rule is applied, it is generally held that where the use being made of the vehicle was *expressly forbidden*, there could be no coverage under the permissive use or omnibus clause." *Ditmyer v. American Liberty Ins. Co.*, 117 Ga. App. 512, 520, supra. Since Register used a company truck in an expressly forbidden manner, he would not be insured under the policy issued to Tracey-Luckey even if the first instance permission rule was adopted.

We are urged to find a genuine issue of material fact as to whether Register was within the scope of his employment at the time of the collision. But whether Register was acting within the scope of his employment is immaterial because the question of insurance coverage in this declaratory judgment action is unrelated to the question

148

of agency. *Phoenix Ins. Co. v. Bentley,* 126 Ga. App. 857, 859 (191 SE2d 887). As it is said: "Although he may have been in the owner's employment, the issue under the permissive use or omnibus clause is not whether he was acting within the scope of his employment, as it would be if the suit were against the employer under the theory of respondeat superior. Nor is it a question of whether the deviation in going [drinking with his friends] was so great or substantial as to break the chain of employment until he should return to a point within its scope." *Ditmyer v. American Liberty Ins. Co.,* 117 Ga. App. 512, 517, supra. Rather, the question is whether the employee was an insured within the terms of the policy issued by the insurer to the employer. Because Register was not such an insured, Select Insurance is not obligated to defend him or pay any judgment rendered against him.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED JULY 5, 1989.

*Reinhardt & Whitley, Glenn Whitley,* for appellant.
*Blackburn, Bright & Edwards, J. Converse Bright, James G. Tunison, Jr.,* for appellees.
Warness Register, *pro se.*