## A94A1469. MASSACHUSETTS BAY INSURANCE COMPANY v. WOOTEN et al.
(450 SE2d 857)

SMITH, Judge.

Appellant Massachusetts Bay Insurance Company brought this action for declaratory relief to determine whether a driver killed in an automobile collision while driving a company vehicle was an insured person under a policy appellant issued to the driver's employer. Appellees are the administrator of the decedent's estate and tort claimants against that estate. The insurer's position at trial was that the driver had exceeded the scope of his employer's permission to use the vehicle and therefore did not fit the definition of an insured person under the policy. See generally *Select Ins. Co. v. Register*, 192 Ga. App. 145 (384 SE2d 238) (1989). At the close of the insurer's case, the trial court directed a verdict in favor of appellees. This appeal followed. We reverse.

1. First and foremost, the trial court found the insurance company's permission clause, "when taken in conjunction with the varying and elastic terms of permission promulgated by the decedent's employer for use of its company vehicles" (emphasis omitted), violates public policy in that it circumvents legislative requirements for mandatory liability insurance. We agree with appellant that this ruling is in error. Whether the employer's actions were sufficient to establish a definitive scope of permissive use of the vehicle, and whether the decedent was outside the scope of that permission, are questions separate and distinct from whether a "permission clause" is violative of public policy.

Even since the advent of compulsory liability insurance in 1977 the appellate courts of this state have upheld the validity of such clauses, holding that they may be relied upon under circumstances where an employee used a company vehicle in an expressly forbidden manner. *Register*, supra at 147; see also *Anderson v. Southeastern Fidelity Ins. Co.*, 251 Ga. 556, 557 (307 SE2d 499) (1983) (Motor Safety Responsibility Act, OCGA § 40-9-1 et seq., reflects policy that "innocent persons who are injured should have adequate recourse for the recovery of their damages."). Therefore, while it may be argued that the "first instance permission" rule[1] should now be adopted in cases where an *expressly forbidden* use is not involved (a question avoided in *Register*, supra), this does not implicate the validity of

---

[1] Under the first instance permission rule, "permission granted to use a vehicle at the time of delivery to another extends to any and all use made of it by the bailee until it is returned to the owner, thereby affording coverage under the permissive use or omnibus clause of the policy." *Ditmyer v. American Liberty Ins. Co.*, 117 Ga. App. 512, 518 (3) (160 SE2d 844) (1968).

permissive use clauses per se. The provision in question, which is identical in pertinent part to the one addressed in *Register*, supra, does no more than *extend* coverage to "[a]nyone [other than you] while using with your permission a covered 'auto' you own. . . ."

In support of the court's judgment, appellees argue that the insurer's reliance on the employer's formulation of intricate rules and policies regarding specific behaviors of their employees is nothing more than a way of "manipulating" the policy's permission clause to avoid coverage. Examples cited by appellees include "wear seat belts" and "operate vehicles safely." However, the insurer is not relying on the fact that the decedent was driving in an intoxicated condition at the time of death as the reason to deny coverage, but instead is arguing that he was driving the vehicle for a purpose expressly forbidden by his employer at the time of the collision.

Appellees also note that the employer tended to allow employees to drive vehicles for personal purposes with permission. Moreover, appellees point out that the decedent's gasoline receipts reveal that he drove his company vehicle on days when he was not scheduled to work. While such evidence is arguably relevant to the question of whether decedent can be said to have been operating his vehicle with "permission" at the time of the collision, it in no way implicates the validity of the policy's "permission clause." We therefore agree with appellant that the trial court erred in directing a verdict on the ground that the permission clause is violative of public policy.

2. We likewise agree with appellant that the trial court erred in holding that an application of the first instance permission rule mandates a directed verdict in favor of appellees. "A directed verdict is authorized only where 'there is no conflict in the evidence as to any material issue and the evidence (adduced), with all reasonable deductions therefrom, shall demand a particular verdict.' OCGA § 9-11-50 (a)." *Lawson v. Athens Auto Supply &c.*, 200 Ga. App. 609, 613 (5) (409 SE2d 60) (1991). Without question, the insurer presented evidence indicating that the decedent was expressly forbidden to use company vehicles for personal transportation. Moreover, the evidence offered regarding the circumstances surrounding decedent's activities on the evening of his death was certainly sufficient to authorize a jury to find that the decedent was not driving *directly from the job site* to his home.

Specifically, viewing the evidence to support the existence of a jury question on the issue, we note that the collision occurred after 2:00 a.m.; that decedent's workday ended at 5:30 p.m. that evening; that a fellow employee drove the decedent to a nude dance club immediately after work and returned him to the job site to pick up his company truck at about 9:40 p.m.; that it was the fellow employee's understanding that decedent was intending to return immediately

from the job site to the club; that decedent's blood alcohol level registered .265 less than an hour after the collision; and that decedent must have continued drinking after 9:40 p.m. to have registered such a high blood alcohol level at 2:55 a.m.

The insurer presented a prima facie case authorizing a jury to find both that the decedent was driving the vehicle for a personal use at the time of the collision and that such personal use was *expressly forbidden* by the employer. The trial court therefore erred in directing a verdict in favor of appellees on this basis. *Register*, supra. Under the facts as urged by the insurer, we need not reach the question of whether the first instance permission rule, should be adopted as the law of this state. Id.

3. To the extent not addressed in Divisions 1 and 2, appellant's remaining enumerations are moot.

*Judgment reversed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 30, 1994.

*Drew, Eckl & Farnham, Hall F. McKinley III, Douglas M. Baker*, for appellant.

*James A. Goldstein, Marci R. Rosenberg, Richardson & Chenggis, George G. Chenggis*, for appellees.