A97A1627. BARFIELD et al. v. ROYAL INSURANCE COMPANY OF AMERICA et al.
(492 SE2d 688)

POPE, Presiding Judge.

Plaintiffs Royal Insurance Company of America ("Royal") and its named insured, Single Source Roofing Corporation ("Single Source") brought this declaratory judgment action to determine their liability for damages arising from an automobile accident involving Single Source's employee, defendant Andrew Fisher. Fisher was driving a company-owned pickup truck when he collided with four vehicles occupied by Billy Barfield and several other individuals named as defendants in this action. Barfield and the other defendant occupants either filed personal injury suits or made personal injury claims against Fisher and Single Source, which carried an automobile liability policy with Royal. In this action, Royal and Single Source allege that Fisher was not a "permissive driver" covered under the Royal policy because he drove the truck after drinking alcohol, in violation of company policy. They also argue that Single Source is not liable for

any injuries because Fisher was not acting within the scope of his employment when the collision occurred. The trial court granted summary judgment to Single Source and Royal on both issues. We affirm in part and reverse in part.

Viewed in a light most favorable to the defendants, the record shows Fisher worked as a traveling technician based at Single Source's Atlanta office. His only vehicle was the company-provided pickup truck. On Friday, October 27, 1995, Fisher left Atlanta in the truck to visit an old friend on Tybee Island, Georgia. Work was not going well, he testified, and his supervisors told him to take the weekend off. Fisher was also considering moving, and he planned to look for housing on Tybee Island. Hoping Single Source would hire his friend, Fisher also took along job applications for him and any other people he met who might be interested in the roofing trade. After arriving at his friend's house Friday night, Fisher drank until the early morning hours. He arose the next day and had part of a beer before spending Saturday afternoon helping his host's friend move a trailer.

Single Source had provided Fisher a camera to use in his work. That camera broke while Fisher used it to take personal photos Saturday afternoon. Fisher had earlier told a supervisor the camera was not working well, and the supervisor had instructed him to replace it "at your convenience." Because he needed the camera for work Monday, Fisher decided to use the hour before dinner to drive to Wal-Mart in Savannah and purchase a new one.

Fisher drove the company pickup towards Savannah but turned around before he reached the store. He explained, "[F]or one thing, [Wal-Mart] was farther than I thought, [and] another thing, I forgot to bring my old camera and I wanted to buy the exact same kind since I was replacing one of the company's. . . . I was running out of time [for dinner] and I was freezing. . . . I got really chilly." On the way back to Tybee Island, the collision occurred. Fisher was charged with and later pled guilty to driving under the influence and serious injury by vehicle.

When asked whether he had abandoned his camera-purchasing errand or planned to finish it later that night, Fisher gave unclear responses. He testified that when he turned around, "I decided that I could leave a little bit earlier [Sunday] and get a camera in Atlanta before work Monday." But he also stated he "was going to get that camera and maybe go to the shopping district in Tybee Island. . . . I was going to look and if worst came to worst I was going to use a disposable camera." He later testified he was only trying to "use up" the hour before dinner and "just wanted to come back and eat."

1. Barfield and the other injured defendants claim the trial court erred in finding that Fisher is not insured under the Royal policy,

which provides liability coverage for Single Source and "anyone else while using with [Single Source's] permission a covered auto [Single Source] own[s]. . . ." A company rule stated that "[p]ossession and consumption of alcoholic beverages . . . in company vehicles is prohibited." Fisher was aware of this rule and understood it to mean he "was not supposed to use the vehicle while [he] was drinking or under the influence of alcohol." He knew of no exceptions to the rule. The trial court ruled that Fisher exceeded the scope of his permission by driving the vehicle while under the influence of alcohol and, therefore, was not a "permissive driver" entitled to coverage under the Royal policy. We affirm the trial court's ruling.

"Permissive use" clauses such as the one in Royal's policy are valid, even where the named insured can limit the scope of the permission through instructions, rules, or regulations. See *Massachusetts Bay Ins. Co. v. Wooten*, 215 Ga. App. 386, 387 (1) (450 SE2d 857) (1994). On several occasions, this Court has held that where a driver uses a vehicle with permission, but violates the scope of the permission granted by engaging in activity the named insured has expressly forbidden, the driver is not an "insured" under the permissive use clause of a policy such as Royal's for any collision occurring during the driver's unauthorized use. See, e.g., *Wooten*, 215 Ga. App. at 387-388; *Select Ins. Co. v. Register*, 192 Ga. App. 145, 147 (384 SE2d 238) (1989).

Both *Wooten* and *Register* involved drivers who used the insured vehicle for a *purpose* forbidden by the owner. Here, although Fisher used the truck in an unauthorized *manner* by driving it while under the influence of alcohol, we find the rationale of the prior cases applicable. "[T]here is an absence of permission within the meaning of the policy if the vehicle is being driven at a time or a place or for a purpose not authorized by the insured." (Citation and punctuation omitted.) *Register*, 192 Ga. App. at 147. The test of permission under the provision at hand is an objective one, and does not involve the question of whether Fisher "reasonably believed" he had permission to drive the truck. See *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 713 (1) (470 SE2d 659) (1996). Because the uncontradicted evidence shows Single Source told Fisher he could not drive the vehicle when he was drinking, his use of the vehicle at a time he was admittedly under the influence of alcohol was unauthorized and nonpermissive.

Although no Georgia case is directly on point, decisions from other jurisdictions support this holding. In a case with very similar facts, a Pennsylvania appellate court found a roofing laborer was not an insured under a permissive use clause in *Gen. Accident Ins. Co. of America v. Margerum*, 544 A2d 512 (Pa. Super. 1988). Although the roofer's employer allowed him to drive a company van because he had no other transportation, the employer specifically forbade him to

drive after drinking. When the roofer was involved in an alcohol-related accident, he could obtain no coverage under the employer's liability policy, which extended coverage to persons "using with [the employer's] permission a covered auto you own. . . ." Id. at 513. The court reasoned that "[b]y driving under the influence of alcohol, [the employee] violated an express specific restriction on his use of the van. . . . [H]is deviation in use from [the employer's] express permission was a substantial deviation." Id. at 514. See also *Warner Trucking v. Hall*, 653 NE2d 1057, 1061 (Ind. App. 1995), in which the court construed an identical policy provision and found coverage did not extend to a driver who violated the employer's policy that he not use the truck for personal reasons or after consuming any alcohol.

2. The trial court erred, however, when it found that Fisher was outside the scope of employment merely because he violated Single Source's rule against drinking and driving.[1] "Where a servant disobeys instructions of his master, the fact of disobedience alone does not insulate the master from liability for the servant's negligence." *Huddle House v. Burke*, 133 Ga. App. 643 (1) (211 SE2d 903) (1974). The trial court's order relies on a workers' compensation case for the principle that a master may, by establishing rules, limit the scope of the servant's employment. See *Parker v. Travelers Ins. Co.*, 142 Ga. App. 711, 713 (4) (236 SE2d 915) (1977). That rule does not apply in tort actions by third parties, because "[t]he law does not allow a principal to insulate and absolve himself of liability by private instructions to his agent. [Cit.]" *Dixon v. Phillips*, 135 Ga. App. 161 (217 SE2d 331) (1975), aff'd, 236 Ga. 271 (223 SE2d 678) (1976).

Because a judgment right for any reason must be affirmed, we determine whether the record otherwise shows Single Source entitled as a matter of law to the finding that Fisher was not acting in the scope of his employment when the collision occurred. See *State Farm Fire &c. Co. v. American &c. Ins. Co.*, 224 Ga. App. 789, 794 (4) (b) (482 SE2d 714) (1997). We agree with Single Source that the sworn statements Fisher gave prosecutors and the court which accepted his guilty plea, in which he averred that he was acting within the scope of his employment at the time of the accident, have no probative value. Fisher made these statements after Single Source terminated him and many months after the accident. Because they were not made during his employment and are not part of the res gestae, they are not admissible against Single Source. See *de la Gonzales v. Krystal Co.*, 173 Ga. App. 574, 576 (3) (327 SE2d 546)

---

[1] None of the defendants raised any issue regarding the propriety of a declaratory judgment on the scope of employment issue, which would presumably be at issue in any personal injury case arising from this collision. This issue is unrelated to the "permissive use" insurance issue. See *Register*, 192 Ga. App. at 147-148.

(1985); OCGA §§ 10-6-64; 24-3-33.

Fisher was driving Single Source's truck; therefore, a presumption arose that he was acting within the scope of his employment when the collision occurred. *Viau v. Fred Dean, Inc.*, 203 Ga. App. 801, 802 (2) (418 SE2d 604) (1992). "Once this presumption arises the burden then shifts to the employer to rebut the presumption by evidence that is clear, positive and uncontradicted and that shows the servant was not in the scope of his employment." *Gordy Constr. Co. v. Stewart*, 216 Ga. App. 882, 883 (456 SE2d 245) (1995).

Single Source has not met its burden. Fisher's testimony shows his supervisors told him to obtain a new camera for the company's business "at [his] convenience." From his unclear testimony, at the time of the collision Fisher was either returning from an aborted mission to purchase the camera or was going back to obtain the broken camera and find another place to purchase a replacement. Although Single Source cites the rule that an employee going to or returning from work is not acting in the scope of employment, that rule does not apply where the employer has provided the employee a vehicle which enables the employee more conveniently to perform a duty for the employer. *Chappell v. Junior Achievement &c.*, 157 Ga. App. 41, 42-43 (276 SE2d 98) (1981). Construing this potentially corroborating evidence in favor of the nonmovants, a jury could determine Fisher was engaged in an errand required by his employer and was acting within the scope of his employment. See id. at 44; *Viau*, 203 Ga. App. at 802. The grant of summary judgment on this issue is reversed.

3. Under our holdings in Divisions 1 and 2, in the event a jury finds Fisher solely liable for damages resulting from the collision, the Royal liability insurance policy would not provide coverage for those damages. The Royal policy may, however, cover damages resulting from the collision if a jury finds Single Source vicariously responsible for Fisher's actions.

*Judgment affirmed in part and reversed in part. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 1, 1997 —
RECONSIDERATION DENIED OCTOBER 17, 1997.

*Montlick & Associates, Alan Y. Saltzman, Killian & Boyd, Robert P. Killian, Ranitz, Mahoney, Coolidge & Mahoney, John F. M. Ranitz, Jr., Michael H. Graham,* for appellants.

*Brennan & Wasden, Marvin W. McGahee, Hunter, Maclean, Exley & Dunn, Lee C. Mundell,* for appellees.